FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

# DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:    (909) 974-2121

Attorneys for Plaintiff
SUSAN RIGO

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| SUSAN RIGO,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY;<br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY; and, TYCO<br>GROUP HEALTHCARE LP GROUP<br>LONG TERM DISABILITY PLAN,<br><br>Defendants. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER<br>AN EMPLOYEE WELFARE BENEFIT<br>PLAN |

Plaintiff alleges as follows:

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.     The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3.     Plaintiff is informed and believes and thereon alleges that the TYCO GROUP HEALTHCARE LP GROUP LONG TERM DISABILITY BENEFITS PLAN (the "Plan") is an employee welfare benefit plan established and maintained by Tyco Group Healthcare LP, which is the Plan Administrator, to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, SUSAN RIGO ("Plaintiff" and/or "Ms. Rigo"), with income protection in the event of a disability.

4.     Plaintiff alleges upon information and belief that Defendant, AETNA LIFE INSURANCE COMPANY ("AETNA"), is and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5.     Plaintiff alleges upon information and belief that Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), is and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of California, authorized to transact and transacting the business of insurance in this state, and the insurer and Claims Administrator for the Plan.  Defendant HARTFORD acquired Defendant AETNA's group disability business in or about 2017 and has subsequently administered and funded Plaintiff's claim for Long Term Disability benefits.

6.     Plaintiff alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2)  in that Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), who fully insured the insurance policies at issue, and who is ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or about July 10, 1973, HARTFORD has been registered as a corporation with the State of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and, therefore, may be found within this state.

/ / /

/ / /

7. At all relevant times Plaintiff was a resident of Riverside County, a citizen of California, an employee of Tyco Group Healthcare LP, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

8. Based upon information and belief, Plaintiff alleges that at all relevant times herein, Plaintiff was covered under group disability policy number GP-818905 (the "Policy") that had been issued by Defendant AETNA to Tyco Group Healthcare LP to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

9. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should she become disabled. Therefore, Defendant AETNA both funds and decides whether claimants will receive benefits under the Plan and, as such, suffers from a structural conflict of interest which requires additional skepticism upon review.

10. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, Defendant AETNA promised to pay long term disability benefits to Plaintiff as follows:

- "Disabled" is defined as:
  - From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
    - You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
    - Your earnings are 80% or less of your adjusted predisability earnings.
  - After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are

1        unable to work at any reasonable occupation solely because of an

2        illness, injury or disabling pregnancy-related condition.

3        11.     It is undisputed that on April 5, 2013, Plaintiff became disabled under the

4   terms of the Plan.

5        12.     On or about April 30, 2015, neurologist Dr. Caroline Choan completed an

6   Attending Physician Statement certifying Plaintiff's disability due to chronic migraines.

7        13.     On or about May 21, 2015, urologist Dr. Leah Nakamura completed an

8   Attending Physician Statement certifying Plaintiff's disability.

9        14.     On or about October 24, 2016, Dr. Andrea Roberson completed an

10  Attending Physician Statement certifying Plaintiff's continuing disability due to interstitial

11  cystitis, peripheral neuropathy and lupus, with a history of breast cancer and bilateral

12  mastectomies, radiation and chemotherapy.

13       15.     Benefits continued to be approved and paid by Defendant AETNA, then by

14  Defendant HARTFORD, throughout the remainder of 2016, 2017, 2018, and 2019.

15       16.     On or about January 14, 2020, Dr. Andrea Roberson completed an

16  Attending Physician Statement certifying Plaintiff's continued permanent disability due

17  to peripheral neuropathy, chronic migraines, and Lupus.

18       17.     On or about October 26, 2020, Defendant HARTFORD denied Plaintiff's

19  claim for Long Term Disability benefits.

20       18.     On or about April 7, 2021, Plaintiff underwent a comprehensive

21  neuropsychological assessment by Jane Lewis, Ph.D. Dr. Lewis concluded that the

22  deficits evidenced in the testing supported Plaintiff's disability from a cognitive

23  perspective.

24       19.     On or about April 14, 2021, Plaintiff underwent a functional capacity

25  evaluation.  The evaluator concluded: "It is the opinion of this evaluator that the client

26  suffers from severe limitations and restrictions due to peripheral neuropathy, migraines,

27  lumbosacral neuritis and lupus which dramatically affect mobility, gait, strength, balance

28  and overall activity tolerance."

DarrasLaw

20.     On or about April 23, 2021, Plaintiff, through counsel, appealed the denial of her claim.

21.     On or about October 1, 2021, Defendant HARTFORD denied Plaintiff's appeal and advised she had exhausted her administrative remedies.

22.     In so doing, Defendant HARTFORD unreasonably and unlawfully relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any other, occupation; and misrepresented the terms of the Policy.

23.     Additionally, Defendant HARTFORD knew, or should have known, that the documentation submitted to and/or obtained by Defendant clearly substantiated Plaintiff's disability and entitled her to benefits under the Plan.

24.     To date, even though Plaintiff has remained disabled, Defendant HARTFORD has not paid Plaintiff any disability benefits under the Policy from October 28, 2020 to present. The unlawful nature of HARTFORD's denial decision is evidenced by, but not limited to, the following: HARTFORD engaged in procedural violations of its statutory obligations under ERISA; and HARTFORD ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians.  Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file.  Further, HARTFORD's highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

25.     For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan, and contrary to law. Further, HARTFORD's

1    denial decision and actions heighten the level of skepticism with which a court views a

2    conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458

3    F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342

4    (2008).

5           26.    Additionally, ERISA imposes higher-than-marketplace quality standards

6    on insurers. It sets forth a special standard of care upon a plan administrator, namely,

7    that the administrator discharge its duties in respect to discretionary claims processing

8    solely in the interests of the participants and beneficiaries of the plan, 29 U.S. Code

9    §1104(a)(1); it simultaneously underscores the particular importance of accurate claims

10   processing by insisting that administrators provide a full and fair review of claim denials,

11   29 U.S. Code §1133(2); and it supplements marketplace and regulatory controls with

12   judicial review of individual claim denials, 29 U.S. Code §1132(a)(1)(B).

13          27.    As a direct and proximate result of HARTFORD's failure to provide Plaintiff

14   with disability benefits, Plaintiff has been deprived of said disability benefits from

15   October 28, 2020, to the present.

16          28.    As a further direct and proximate result of the denial of benefits, Plaintiff

17   has incurred attorney fees and costs to pursue this action, and is entitled to have such

18   fees and costs paid by defendants pursuant to 29 U.S.C. §1132(g)(1), ERISA §

19   502(g)(1).

20          29.    A controversy now exists between the parties as to whether Plaintiff was

21   disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that she met

22   the Plan's definition of disability and consequently is entitled to all benefits from the Plan

23   to which she might be entitled while receiving disability benefits, with reimbursement of

24   all expenses and premiums paid for such benefits from the beginning of her claim.  In

25   the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent

26   with the terms of the Plan.

27   / / /

28   / / /

1    WHEREFORE, Plaintiff prays for relief against Defendant as follows:

2        1.    An award of benefits in the amount not paid Plaintiff beginning on or about

3    October 28, 2020 to the present, together with interest at the legal rate on each monthly

4    payment from the date it became due until the date it is paid; plus all other benefits from

5    the Plan to which she might be entitled while receiving disability benefits, with

6    reimbursement of all expenses and premiums paid for such benefits or, in the

7    alternative, a remand for a determination of Plaintiff's claim consistent with the terms of

8    the Plan;

9        2.    An order determining Plaintiff is entitled to disability payments/benefits so

10   long as she remained disabled as defined in the Plan;

11       3.    For reasonable attorney fees and costs incurred in this action; and,

12       4.    For such other and further relief as the Court deems just and proper.

13

14   Dated:   November 1, 2021            

15

16

17                                        FRANK N. DARRAS
                                          SUSAN B. GRABARSKY
18                                        Attorneys for Plaintiff
                                          SUSAN RIGO

19

20

21

22

23

24

25

26

27

28